# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RANDI ORZOFF,

    Plaintiff,

v.

BANK OF AMERICA N.A., et al.,

    Defendants.

2:10-CV-2202 JCM (GWF)

## ORDER

Presently before the court is defendants BAC Home Loans Servicing, LP's, Bank of America, N.A.'s, and Recontrust Company's motion to dismiss. (Doc. #13). The plaintiff Randi Orzoff has responded (doc. #14), and the defendants have replied (doc. #17).

**I.**  **Factual and Procedural Background**

The instant action arises from a dispute over real property located at 9620 Kelley Creek Avenue, Las Vegas, Nevada 89129. On September 25, 2006, plaintiff Randi Orzoff executed an adjustable rate note in the sum of $242,000.00 to refinance the property. On July 1, 2008, Bank of America, N.A., purchased Countrywide Financial Corporation, becoming the owner of plaintiff's loan. BAC Home Loans Servicing, LP, became plaintiff's loan servicer, and upon plaintiff's default, authorized Recontrust Company, N.A., to institute foreclosure proceedings against the property.

On April 22, 2008, Recontrust recorded a notice of default and election to sell. Plaintiff, a self-admitted real estate professional (doc. #1, ¶ 11), alleges that she defaulted on her mortgage in order to be considered for a loan modification program. Accordingly, on February 24, 2009, Countrywide Financial Corporation entered into a consent judgment with the State of Nevada to

**James C. Mahan**
**U.S. District Judge**

1  resolve allegations that Countrywide had engaged in deceptive trade practices under Nevada law.
2  In the consent decree, defendants agreed to suspend foreclosures against borrowers with adjustable
3  rate mortgages. On June 4, 2008, plaintiff filed a complaint in Nevada state court to stop the
4  foreclosure.

5  On June 22, 2009, the state court complaint was dismissed without prejudice. Plaintiff then
6  filed the instant action on December 18, 2010 alleging: (1) breach of contract, (2) negligence, and
7  (3) deceptive trade practices against the defendants. The defendants, collectively, urge the court to
8  dismiss the complaint for failure to state a claim upon which relief may be granted. (Doc. #13).

9  **II.    Motion to Dismiss**

10  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
11  as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
12  1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a
13  complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the
14  line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at
15  557). However, where there are well pled factual allegations, the court should assume their veracity
16  and determine if they give rise to relief. *Id.* at 1950.

17  (1)    <u>Breach of Contract</u>

18  To state a claim for breach of contract, the plaintiff must allege: (1) the existence of a valid
19  agreement between the plaintiff and the defendant; (2) a breach by the defendant; and (3) damages
20  as a result of the breach. *Calloway v. City of Reno*, 993 P.2d 1259 (Nev. 2000). Once a plaintiff
21  proves these prima facie elements, the burden shifts to the defendant to show that his
22  nonperformance was excused or otherwise defensible. *Hewitt v. Allen*, 43 P.3d 345, 349 (Nev. 2002).

23  Here, plaintiff alleges that she was a third party beneficiary to the above-mentioned February
24  24, 2009, consent judgment between Countrywide and the State of Nevada, in which defendants
25  agreed to "engage in a proactive outreach program to find borrowers, including plaintiff RANDI
26  ORZOFF, who had a loan covered by the Consent Judgment." (Doc. #1, ¶ 26). Plaintiff alleges that
27  defendant Bank of America also agreed to identify and contact borrowers who were having trouble
28

**James C. Mahan**
**U.S. District Judge**

making their payments for a possible loan modification and to stop foreclosures on such borrowers. (*Id.* at ¶¶ 27, 29).

Plaintiff allegedly believed, based on these duties created by the consent judgment, that during the two year delay between the recorded default and election to sell, the defendants were pursuing her loan modification. (*Id.* at ¶ 31). Thus, "[t]o her detriment, Plaintiff RANDI ORZOFF did not pursue other avenues to refinance her property as a result of Defendants['] promises in the Consent Judgment." (*Id.* at ¶ 32). Accordingly, plaintiff now alleges that the defendants are guilty of laches, liable for damages to the plaintiff, and that plaintiff is entitled to a preliminary injunction enjoining the sale scheduled for December 20, 2010. (*Id.* at ¶¶ 33, 34, 35). Plaintiff also requests a court order requiring defendants to conduct a good faith review of her loan modification request. (*Id.* at ¶ 36).

The motion to dismiss must be granted with prejudice as to claim one. The consent judgment states that no third party beneficiaries were intended. (*See* doc. #13-5, ex. E, p. 25, § 10.6) ("This Judgment is not intended to confer upon any person any rights or remedies, including rights as a third party beneficiary"). The consent decree itself states that it "is not intended to create a private right of action on the part of any person or entity other than the parties [thereto]." (*Id.*). Furthermore, in the response brief (doc. #14, p.4), plaintiff has agreed that the consent judgment does not provide for a private right of action and stipulates to dismissal of this claim.

(2)   Negligence

"To recover under a negligence theory, the complainant must prove four elements: (1) that the defendant owed him a duty of care; (2) that defendant breached this duty of care; (3) that the breach was the legal cause of plaintiff's injury; and (4) that the complainant suffered damages. *Hammerstein v. Jean Dev. West*, 907 P.2d 975, 977 (Nev. 1995).

Here, plaintiff alleges that defendant Recontrust Company, N.A. owed her a duty "to perform its professional services in a manner which placed Plaintiff's interests above the Defendant and to deal honestly, directly, and accurately with the Plaintiff, each other and in the documents." (Doc. #1, ¶ 38). Plaintiff alleges that Recontrust breached this duty by "allowing or requiring its employees

**James C. Mahan**
**U.S. District Judge**

- 3 -

1 to conduct 'robo' signing procedures" (*id.* at ¶ 39) of her mortgage documents. Thus, plaintiff claims she is entitled to a restraining order and preliminary injunction pending trial, staying the sale set for December 20, 2010. (*Id.* at ¶ 42).

First, the only remedy sought under this claim is for injunctive relief, which is now moot following the December 20, 2010, sale. Second, this claim implicates only defendant Recontrust Company, for whom plaintiff has failed to establish a requisite breach of a duty of care. The court finds California case law instructive on this point: "The trustee in nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary." *Pro Value Properties, Inc. v. Quality Loan Serv. Corp.*, 170 Cal. App. 4th 579, 583 (Cal. App. 2009) (internal citations omitted). Whereas "[t]he scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes . . . [n]o other common law duties exist. *Id.* (internal citations omitted).

Plaintiff argues that Recontrust breached its duty to her as the common agent for both the trustor and beneficiary in "robo-signing" the documents related to her loan. However, plaintiff does not dispute that she defaulted on her mortgage or that she received notices required by NRS 107.080 (*see* docs. # 13-1, ex. A, C, D). Under these circumstances, the court finds that defendant Recontrust cannot be held negligent for complying with its duty to foreclose. The motion to dismiss is granted without prejudice as to claim two.

(3)  Deceptive Trade Practices

Plaintiff's third claim for relief alleges that "[b]y engaging in Deceptive Trade Practices in violation of Nevada law, Plaintiff RANDI ORZOFF did not seek a loan modification or a refinancing of the property." (Doc. #1, ¶ 43). In the response to the motion to dismiss, plaintiff alleges that "Defendants entered into the Consent Judgment with no intent to perform according to the terms, thus, constituting a deceptive trade practice under Nevada state law." (Doc. #14, p. 7). As a result, plaintiff requests a restraining order and preliminary injunction enjoining defendants from conducting the December 2010 sale. (*Id.* at ¶ 45).

As plaintiff admits, this issue is rendered moot by the dismissal of the first claim for relief.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  Accordingly, the motion to dismiss is granted without prejudice as to claim three. Plaintiff may
2  amend the complaint to properly plead a deceptive trade practice claim if the facts so warrant. *See*
3  FED. R. CIV. P. 15(a) (requiring courts to give a party leave to amend freely when justice so requires).
4  Accordingly,
5  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to
6  dismiss (doc. #13) is GRANTED. The first claim is dismissed with prejudice, and claims two and
7  three are dismissed without prejudice.
8  DATED April 22, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -